# PD-0201-15

Darius D. Briggs   #1856005

9601 Spur 591

Amarillo, Texas   79107-9606

March 27, 2015

**FILED IN**
**COURT OF CRIMINAL APPEALS**

APR 17 2015

Abel Acosta, Clerk

Clerk of the Court

Texas Court of Criminal Appeals

P.O. Box 12308, Capitol Station

Austin, Texas   78711-2308

Re: <u>Briggs v. State</u>
   PD-0201-15

Dear Clerk:

   Please find enclosed a copy of my motion for enlargement of time and my motion for rehearing.  Please file them amongst the papers of the cause and bring them to the attention of the Court.

   I am enclosing an additional copy of this cover letter for file stamping to verify receipt and presentation.  Please return it to me in the postpaid envelope provided.

   Thank you for your time and help.

                    Sincerely,

                    Darius Briggs

                    Darius D. Briggs

cc: <u>Nathaniel Munier</u>
    State Prosecuting Attorney
    file

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

APR 07 2015

Abel Acosta, Clerk

Darius D. Briggs #1856005

9601 Spur 591

Amarillo, Texas 79107-9606

March 27, 2015

Clerk of the Court
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

Re: Briggs v. State
    PD-0201-15

Dear Clerk:

    Please find enclosed a copy of my motion for enlargement of time and my motion for rehearing. Please file them amongst the papers of the cause and bring them to the attention of the Court.

    I am enclosing an additional copy of this cover letter for file stamping to verify receipt and presentation. Please return it to me in the postpaid envelope provided.

    Thank you for your time and help.

                                    Sincerely,

                                    Darius Briggs
                                    Darius D. Briggs

cc: Nathaniel Munier
    State Prosecuting Attorney
    file

NO. ___PD-0201-15___.

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

DARIUS D. BRIGGS

V.

THE STATE OF TEXAS

From Appeal No. 01-13-00291-CR

Trial Cause No. 12-04-03646-CR

Montgomery County

PETITIONER'S MOTION FOR THE ENLARGEMENT OF TIME

TO FILE HIS MOTION FOR REHEARING

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Darius Briggs, Petitioner pro se, and moves this Honorable Court for an extension of time in which to file his pro se motion for a rehearing of the Court's February 26, 2015 denial of Petitioner's motion for an extension of time to file a Petition For Discretionary Review. In support thereof, would show the following:

On February 26, 2015, the Court denied Petitioner's pro se attempt at obtaining extra time to file a PDR. The first Petitioner heard of the decision was when he received the postcard sent to him by the Clerk. That postcard was not postmarked until March 4, 2015, and Petitioner received it from

the prison officials until March __10__, 2015. Petitioner understands that the Rules, 10.5 and 79.1, require that he file this motion within 15 days of the Court's order. In this case that would be ~~February~~ *March* 13, 2015. Petitioner has virtually no legal knowledge and has had to find another offender to help him in drafting this motion and in presenting his appellate claims (if the Court will allow such). Petitioner explains that impediment further in his Motion for Rehearing which he is providing the Court along with this motion. Petitioner, therefore, is asking the Court for an extension of only __14__ days as he is submitting these pleadings to the prison officials for mailing on March __27__, 2015.

Petitioner has now been informed of the importance of his timely compliance with the Court's rules and of the limited nature of a PDR review. Petitioner sincerely believes that he does have an argument worthy of the Court's limited time and prays the Court make provision for him to be able to present his argument(s) taking into consideration the impediments that have affected his ability to do so thus far.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays the Honorable Court grant this motion and allow the filing of the accompanying Motion For Rehearing.

Respectfully submitted,

Darin Briggs

- 2 -

Darius D. Briggs #1856005

9601 Spur 591

Amarillo, Texas   79107-9606


UNSWORN DECLARATION

I, Darius Briggs, being presently imprisoned in Potter County, Texas, and under penalty of perjury, do hereby affirm that the foregoing facts are true and correct.

Executed on this the 27th day of March, 2015.


Darius Briggs
Petitioner/Affiant

- 3 -

NO. ___PD-0201-15___.

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

DARIUS D. BRIGGS

v.

THE STATE OF TEXAS

From Appeal No. 01-13-00291-CR

Trial Cause No. 12-04-03646-CR

Montgomery County

PETITIONER'S MOTION FOR A REHEARING AND/OR

A RECONSIDERATION OF THE FEBRUARY 26, 2015 ORDER

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Petitioner Darius Briggs, pro se, and pursuant to Rule 79.2 of the Texas Rules of Appellate Procedure, and moves the Court for a rehearing and/or reconsideration of its February 26, 2015 denial of an extension to file his Petition for Discretionary Review. The Clerk notified Briggs of the order by postcard, resulting in his having no idea why the Court denied his extension request. Briggs, in this motion, seeks to justify his valid need for that extension and to obtain the Court's permission for it. In support thereof, would show the following:

I

Briggs was convicted in the 435th District Court of Montgomery County, Texas, of the offense of violating a rule/condition imposed upon him as part of his being civilly committed as a Sexually Violent Predator ("SVP"). That conviction occurred in Cause No. 12-04-03646-CR with Briggs being assessed a LIFE sentence. Briggs appealed to the Court of Appeals for the First Supreme Judicial District. The case was affirmed on December 18, 2014. As best Briggs can calculate, his PDR was due on or before January 17, 2015. Briggs, because of the impediments/limitations addressed below, was unable to file his motion for an extension of time until February 13, 2015.[1] On February 26, 2015, the Court denied that motion.

II

While the Court is well aware of the normal impediments Texas prisoners face when filing PDR's, Briggs would inform the Court that he faced a number of others, unique to his individual situation. First, and foremost, Briggs is not only a convicted sex offender, but he has been labeled by the State as being a SVP as well. Unlike the average Texas prisoner (if there is such a thing), Briggs can not just go up to some other offender and ask him for help on his appeal. In doing so he is, in all

- 2 -

_____

[1] Briggs is determining the filing dates based upon the prison mailbox rule holding the filing occurrs when he turns it over to the prison officials for mailing.

actuality, risking his life by doing so. It is common knowledge that sex offenders are a disfavored class of offenders, even in prison. As such, Briggs has had to be extremely careful in trying to find someone who could help him in his appeallate efforts, someone whom he also could trust not to broadcast the nature of his criminal history and conviction to the prison population. That was a difficult and time consuming step of faith for him to take.

Briggs also finds himself confined on a unit where the law library staff seem to believe it is their duty to impede offender access to that library's holdings and the information contained therein. Briggs has been subject to the prison disciplinary process and punishment because the offender he found to help him simply handed him back his attorney correspondence while they were in the law library working on this case (A "trafficking and trading" offense), something that would not have occurred on any other TDCJ unit. Because of the law library staff's treatment, Briggs has been pretty well limited to meeting with the offender helping him only once per week.

Handling as many pro se prisoner filings as it does, the Court is surely aware that in 2009 the state's prison officials ceased providing new volumes of Texas Southwestern 3rd, Federal Supplement 2d, Federal Reporter 3d, and Supreme Court Reporters, along with their pocket parts. In 2012, the agency ceased providing any new volumes of West's Texas Digest 2d, or its pocket parts. In that same time period, those officials removed all the Shepard's Citations from the prison law libraries as

well. Those officials do not provide trained legal assistance to those they are imprisoning.

The only way Briggs can now obtain access to current case law, Shepard's citations, and/or current updates to the Digest, is to submit the correct citation (a limit of three per law library session) to the prison officials and they obtain them off a computer which is located in the law library. The official then provides them to the offender, at a subsequent session, for the offender to read and return to them that session.

However, the computer's printer at Briggs assigned prison unit has purportedly been inoperable since mid-January 2015.

All of these impediments have each contributed to Briggs inability to present his PDR in a more prompt manner. He assures the Court that his delay in no way has been an attempt to delay the process or gain some sort of unfair advantage. He simply did not know how to do what he needed to do.

## III

Briggs would also show the Court that there are a number of factors which show the Court might want, and even need, to address his conviction and appeal; which it is unable to do if he is not permitted to even present it for the Court's review.

As the Court is probably aware, the news media has been reporting on the mismanagement of the Office of Violent Sex Offender Management ("OVSOM"), and of formal investigations of possible malfeasance by OVSOM's officials. See http://www. chron.com/default/article/Perry-replaces-board-chair-at-sex-

- 4 -

offender-agency-5429705.php and http://www.houstonchronicle.com/
news/politics/texas/article/Company-demands-Texas-remove-sex-
offenders-from-5594185.php.  Those reports verify that the entire
OVSOM senior staff have all resigned under a number of malfeasance
investigations, and that the state's legislature is going to make
a number of changes in the OVSOM this session. Id.  The OVSOM is
the entity that was supervising Briggs commitment and who brought
the criminal accusations against him.

Briggs was tried in the 435th District Court of Montgomer
County, Judge Michael T. Seiler presiding.  Judge Seiler is also
the judge who appointed/choose Briggs appellate counsel.  The
Houston Chronicle and Conroe Courier are reporting that as many
as eleven individuals, before Judge Seiler for civil commitment
related matters, have obtained his recusal for his personal bias.
See Houston Chronicle Vol. 114, No. 86 pp. A1 and A12; http://
www.houstonchronicle.com/news/houston-texas/houston/article/
Judge-in-controversial-sex-offender-program-under-5986273.php#/0;
http://www.yourhoustonnews.com/courier/news/montgomery-county-
district-court-judge-dismissed-from-three-additional-civil/
article 8c478ce2-f6b7-5b8d-b151-...; and http://www.yourhouston
news.com/courier/news/montgomery-county-district-court-judge-s-
recusal-granted-in-civil/article c0ba8c94-ee4e-5284-b16d-04dc4d
99a....  The papers report that Judge Seiler's 2008 and 2012
campaigns involved him describing himself as a "prosecutor to
judge the predators".  Judge Seiler appeared before a 2011
meeting of the Montgomery County Republican women and was asked
a question about the effectiveness of castration at preventing

- 5 -

reoffending. The Conroe Courier quoted Judge Seiler as stating "The castration would have to kind of occur at neck level." That meeting is to have occured on September 22, 2011. In March of 2013, Judge Seiler appeared before a Woodlands-based Tea Party group, Texas Patriots PAC, to explain his role in the civil commitment proceedings and in criminal proceedings for violation of civil commitments. Judge Seiler called those who appeared before his court "psychopaths" who can't be treated because they "like what they like". During a PowerPoint presentation to the group, the judge compared those appearing in his court to the fictional character, the cannibalistic serial killer, Hannibal Lector. The judge suggested to the potential donors that juries take so long deliberating cases in his court because "they just want to make it look official". He went on to suggest that if the legislature would amend the Code to remove the right to a jury trial, he could "get through all 35,000 sex offenders (currently in Texas prisons) pretty quickly."

On September 4, 2014, Senior Judge Sharolyn Wood recused Judge Seiler in the civil commitment violation case of Joseph Calzada. On October 30, 2014, Judge Seiler was ordered off the civil commitment case of James Richards. On December 11, 2014, Judge Seiler was removed from from six cases by Senior Judge Ned Dean for either reasonably questionable impartiality or a personal bias against the subject matter or a party involved in the respective cases. On January 6, 2015, visiting Judge Joseph J. "Ted" Halbach, Jr. from the 333rd Civil Court in Houston, removed Judge Seiler from three more civil commitment related

cases. In the January 6th hearings the state did not contest the need for the recusals.

Senator John Whitmire, who chairs the Senate Criminal Justice Committee, which oversees the civil commitment program and the state's criminal justice processes, confirmed that the state Commission on Judicial Conduct has launched an investigation into Judge Seiler's actions. Senator Whitmire has been publicly quoted as saying "By his own actions and comments, I think this judge [Michael Seiler] has made himself nonfunctional in hearing these cases" and "I think the judge has demonstrated he can't handle, shouldn't handle these cases".

Judge Seiler, Briggs' trial judge, has made it clear that he believed that Briggs was some sort of "psychopath" who like all sex offenders, needed to be castrated at the neck because he is comperable to Hannibal Lector. That belief being based upon his personal, publicly stated, prosecutorial bias.

## CONCLUSION

These ongoing public accusations, investigations, and impedimants facing Briggs should, at the least, raise some concern as to whether Briggs could have obtained a fair trial and appeal. The Court's preventing him from even presenting his claims, especially in these present circumstances, should be reconsidered.

WHEREFORE, PREMISES CONSIDERED, and in light of the foregoing, Petitioner Briggs prays this Honorable Court

- 7 -

reconsider its February 26, 2015 order denying him an extension of time to file his PDR. Upon that reconsideration, Briggs prays the Court grant him a reasonable extension, perhaps 30 days.

Respectfully submitted,

Darius D. Briggs  #1856005
9601 Spur 591
Amarillo, Texas    79107-9606

UNSWORN DECLARATION

I, Darius Briggs, being presently imprisoned in Potter County, Texas, and under penalty of perjury, do hereby affirm that the foregoing facts are true and correct.

Executed on this the 27th day of March, 2015

Petitioner/Affiant

- 8 -

## CERTIFICATE OF MAILING AND SERVICE

I, Darius Briggs, being presently imprisoned in Potter County, Texas, and under penalty of perjury, do hereby affirm that I have delivered a copy of Plaintiff's motion for enlargement of time and Petitioner's motion for rehearing, to a TDCJ official, first-class postage prepaid, for mailing to:

Clerk of the Court
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas  78711-2308

Nathaniel Munier
207 W. Phillips Street
Conroe, Texas  77301

State Prosecuting Attorney
P.O. Box 12405, Capitol Station
Austin, Texas  78711-2405

on this the _27th_ day of _March_, 2015.

_Darius Briggs_
Petitioner/Affiant